JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES AYUNAN, | CV 15-9355-RSWL-PLAx |
| Plaintiff, | |
| v. | **ORDER** re: Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process [6] |
| TONY TAN CAKTIONG; GRACE A. TAN CAKTIONG; JOLLIBEE FOODS CORPORATION (USA); and DOES 1 through 50, | |
| Defendants. | |

    Currently before the Court is Defendants Tony Tan Caktiong ("Mr. Caktiong"), Grace A. Tan Caktiong ("Mrs. Caktiong") (collectively, the "Caktiong's"), and Jollibee Foods Corporation (USA)'s ("JFC USA") (collectively "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process [6] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS**

1

1  Defendants' Motion and **DISMISSES** Plaintiff's claims.[1]

## I. BACKGROUND

**A.  Factual Background**

Plaintiff is an individual residing in Los Angeles, California.  Compl. ¶ 2.

Plaintiff alleges that Defendants Mr. and Mrs. Caktiong are also individuals residing in Los Angeles, California.[2]  Id. at ¶ 3.  Plaintiff alleges that Defendant JFC USA is a corporation doing business in Los Angeles, California.[3]  Id. at ¶ 4.

Plaintiff alleges that in October 1975, Mr. and Mrs. Caktiong sought Plaintiff's advice "on how to establish a better and more profitable eatery business,

---

[1] The Court also finds that Plaintiff did not properly serve the individual Caktiong Defendants or JFC USA pursuant to Federal Rule of Civil Procedure 4(e).  Plaintiff argues that he served all three Defendants by serving Gilbert E. Paderogo ("Paderogo"), the Human Resources Manager at JFC USA.  Plaintiff asserts that Paderogo accepted service on behalf of Maria Theresa Chua ("Chua"), the "'Agent for Service of Process' for JFC USA and its Officers."  See Decl. Of Nathan V. Hoffman ¶ 2, ECF No. 9-1.  However, Defendant provides the Declaration of Gilbert E. Paderogo ("Paderogo Declaration"), in which Paderogo declares "[a]t no time have I been authorized to accept service of process on behalf of Mr. and Mrs. Caktiong."  Paderogo Decl. ¶ 3, ECF No. 18-1.  Paderogo also states in his Declaration that he is "not the authorized agent for service of process for defendant JFC USA."  Id.  Plaintiff's service was not proper because Paderogo is not an agent authorized by appointment or law to receive service of process on behalf of Defendants.  See Fed. R. Civ. P. 4(e); 4(h)(1).

[2] Defendants argue that Mr. and Mrs. Caktiong "are residents of and citizens of the Philippines."  Decl. of Valerie Feria Amante ("Amante Decl.") ¶ 4, ECF No. 6-1.

[3] Defendants argue that JFC USA is a Nevada corporation with its principal place of business in Reno, Nevada.  Amante Decl. ¶ 3.

2

having heard of [Plaintiff's] long experience as a manager of a local hamburger chain." Id. at ¶ 7. Plaintiff alleges that he was promised an ownership interest and dividends in the new venture in return for providing to Defendants "the fast food concept he was envisioning as a future for himself." Id. at ¶ 8. Plaintiff alleges that part of this concept was "a specialized juicy hamburger with 'distinct Filipino taste,'" which Plaintiff developed. Id. at ¶¶ 8-9.

Plaintiff alleges that "with the advice and industry of Plaintiff," the Caktiong's have "seen the rise of their business empire to become the No. 1 fast food chain in Asia . . . that eventually evolved [into] . . . what is now known as Jollibee Foods Corporation." Id. at ¶ 16. Plaintiff alleges that "without the fast food concept provided by [Plaintiff], [the Caktiong's] would not be dollar multi-billionaires." Id. at ¶ 16.

Plaintiff alleges that he and Mr. and Mrs. Caktiong "commenced their joint venture and partnership with each having a one-third ownership interest," and Plaintiff agreed to accept 2.5% of the gross sales of hamburgers for all outlets, whether company-owned or franchised, against his share of partnership profits. Id. at ¶ 10.

Plaintiff alleges that the Caktiong's subsequently formed the corporation Jollibee Foods Corporation in their role as partners and on behalf of the Partnership. Id. at ¶ 20. Plaintiff alleges that JFC

3

1  USA assumed the operation and control of the
2  Partnership business and assets.  Id. at ¶ 20.
3  Plaintiff alleges that JFC USA continues to use his
4  hamburger recipe and concept, and that JFC USA
5  operations and assets are derived from and remain
6  Partnership business and assets.  Id. at ¶ 20.
7  Plaintiff also alleges that the Partnership received
8  stock in JFC USA, which was taken on behalf of the
9  Partnership by Mr. and Mrs. Caktiong.  Id.
10     Plaintiff alleges that his "role in the
11 establishment and growth of Jollibee Foods Corporation
12 constitutes a contribution to the partnership," but "it
13 never became clear to Plaintiff that the money,
14 received by him on a non-regular basis, actually
15 represented 2.5% of the monthly hamburger sales"
16 "because there was never an accounting."  Id. at ¶ 17.

**B.   Procedural Background**

On November 3, 2015, Plaintiff filed his Complaint [1] against Defendants in California Superior Court, alleging claims for (1) dissolution of partnership, (2) accounting, (3) imposition of constructive trust, and (4) declaratory relief.  On December 30, 2015, Defendants removed the Action to the Central District of California [1].

The instant Motion was filed on December 10, 2015 [6].  Finding the Motion to be suitable for decision without oral argument, the Court took the motion under submission on January 11, 2016 [24].

## II. DISCUSSION

**A.   Legal Standard**

When a defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court may properly exercise jurisdiction over the defendant.  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006); Barantsevich v. VTB Bank, 954 F. Supp. 2d 972, 981 (C.D. Cal. 2013).  Absent formal discovery or an evidentiary hearing, a plaintiff need only make a prima facie showing that jurisdiction is proper to survive dismissal.  Pebble Beach, 453 F.3d at 1154.

To satisfy this burden, a plaintiff can rely on the allegations in his complaint to the extent they are not controverted by the moving party.  Barantsevich, 954 F. Supp. 2d at 982; Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ("Where not directly controverted, plaintiff's version of the facts is taken as true for purposes of a 12(b)(2) motion to dismiss.").  If defendants adduce evidence controverting the allegations, however, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Barantsevich, 954 F. Supp. 2d at 982 (quoting Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986)).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a

long-arm statute and if the exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55.  California authorizes jurisdiction in the full extent permitted by the Constitution.  See Cal. Code Civ. Proc. § 410. Therefore, the only question the Court must ask is whether the exercise of jurisdiction over defendants would be consistent with due process.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

Due process requires that a defendant must have such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws.  See Asahi Metal Indus. Co. v. Sup. Ct. of Cal., 480 U.S. 102, 109 (1987).

There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a

defendant's specific contacts with the forum give rise to the claim in question. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050-51 (9th Cir. 1997).

**B.   Discussion**

    1.   Personal Jurisdiction Over the Caktiong's

        a.   *General Personal Jurisdiction*

"General jurisdiction" arises where the defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters. Helicopteros, 466 U.S. at 414-16; Red Cross, 112 F.3d at 1050-51. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014).

To satisfy his burden, Plaintiff can rely on uncontroverted allegations in the Complaint. Barantsevich, 954 F. Supp. 2d at 982.  However, if Defendants adduce evidence controverting the allegations, Plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Id.  The Ninth Circuit has noted, "mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction over a nonresident defendant," and in such a case, "facts, not mere allegations, must be the touchstone." Taylor v. Portland Paramount Corp., 383

F.2d 634, 639 (9th Cir. 1967).  Conflicts between the parties over statements contained in affidavits or declarations must be resolved in plaintiff's favor. <u>Schwarzenegger</u>, 374 F.3d at 800; <u>Love v. Associated Newpapers, Ltd.</u>, 611 F.3d 601, 608 (9th Cir. 2010). "At the same time, however, the plaintiff must submit admissible[4] evidence in support of its prima facie case." <u>Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y of Permanent Cosmetic Prof'ls</u>, No. CV 12-06887 GAF (JCGx), 2013 WL 1685558, at *4 (C.D. Cal. Apr. 16, 2013).

Here, Plaintiff's Complaint alleges that Mr. and Mrs. Caktiong are individuals "residing in the County of Los Angeles, State of California." Compl. ¶ 3.

Defendants controvert this allegation with the Amante Declaration, in which Amante avers that, based on her personal knowledge as Vice President and Head of Corporate Legal at JFC Philippines, "Mr. Caktiong and his wife Grace A. Tan Caktiong are residents of and citizens of the Philippines."[5]  Amante Decl. ¶ 4.

---

[4] Under Federal Rule of Evidence 602, a witness may testify to a matter only if evidence is introduced that is sufficient to support a finding that the witness has personal knowledge of the matter.  Fed. R. Evid. 602.  Under Federal Rule of Evidence 802, hearsay is inadmissible absent an exception.  Fed. R. Evid. 802. Hearsay is defined as statement that the declarant does not make while testifying at the current trial or hearing, which is offered to prove the truth of the matter asserted in the statement.  Fed. R. Evid. 801.

[5] The Court **OVERRULES** Plaintiff's evidentiary objection to this statement in the Amante Declaration as lacking foundation. <u>See</u> Fed. R. Evid. 602.  Amante's testimony that she has personal

In response, Plaintiff argues that Mr. and Mrs. Caktiong have substantial and continuous contacts to establish general personal jurisdiction in California, as evidenced by the fact that they (1) maintain a residence in La Puente, California;[6] (2) have a daughter domiciled in California; (3) have a sister that purchases property in California in her name, but on their behalf;[7] and (4) is "regularly seen in California

---

knowledge as Vice President and Head of Corporate Legal at JFC in the Philippines is sufficient to establish her personal knowledge. See id.

[6] Plaintiff does not provide admissible evidence in support of this allegation. Plaintiff produces two declarations of Nathan V. Hoffman ("Hoffman Declaration" and "Supplemental Hoffman Declaration"), to which Hoffman attaches a link to two webpages to support the alleged "substantial contacts" of Mr. and Mrs. Caktiong. See Hoffman Decl. ¶ 4, ECF No. 9-1. The first webpage states that Tony Tan Caktiong "has lived" at a California address in La Puente, California. See id., Ex. 1. The second webpage provides an additional address in Los Angeles, California in the "Address & Phone History" section of the page. Suppl. Hoffman Decl. ¶ 4, Ex. 3, ECF No. 10. Hoffman's Declarations concerning the California address history of "Tony Tan Caktiong" do not concern Mrs. Caktiong, and cannot be used to support personal jurisdiction over her. Additionally, the statements in the Hoffman Declarations are inadmissible under Federal Rule of Evidence 602 for lack of foundation. Hoffman does not develop how he has personal knowledge that Mr. Caktiong "maintains a residence" in Los Angeles and La Puente, California. Hoffman's only bases for his assertions are the webpages, which are inadmissible hearsay bearing no circumstantial indicia of reliability. See Akro Corp. v. Luker, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995) (citing Beverly Hills Fan v. Royal Sovereign Corp., 21 F.3d 1558, 1562 (Fed. Cir. 1994)) (hearsay may be considered for purposes of determining personal jurisdiction, provided it bears circumstantial indicia of reliability).

[7] Plaintiff provides the Declaration of Moises Ayunan ("Ayunan Declaration"), in which Ayunan declares that Mr. and Mrs. Caktiong "maintain a home in La Puente," "have a daughter who resides in the Pasadena area," have "a sister who is also local to Southern California," and "[i]t is common knowledge in

9

at business openings and checking on the status of businesses." Pl.'s Opp'n 6:14-25. None of these allegations are supported by admissible evidence, and therefore, cannot be used to establish general jurisdiction over the Caktiong's.[8] See Intradermal Cosmetics, 2013 WL 1685558, at *4.

The only piece of admissible evidence Plaintiff provides is that the Caktiong's stayed at Ayunan's home for over a month in 1977, while Ayunan allegedly "instructed" them in the fast food business in Los Angeles. Ayunan Decl. ¶ 3. This evidence is insufficient to establish the requisite "minimum contacts" necessary for a prima facie showing of general jurisdiction over the Caktiong's.

      b.  *Specific Personal Jurisdiction*

Although this forum cannot assert general jurisdiction over Mr. and Mrs. Caktiong, it may still assert specific jurisdiction depending on the quality and nature of their contacts with the forum state in relation to the cause of action. Lake v. Lake, 817

---

the Filipino community that Tony's sister bought property in her name for" the Caktiong's. Ayunan Decl. ¶¶ 5-7, ECF No. 9-2. Under Federal Rule of Evidence 602, Ayunan does not establish the basis of his personal knowledge for these assertions. Moreover, the contacts of the Caktiong's family members do not demonstrate that the Caktiong's contacts with California justify personal jurisdiction.

[8] In any case, these facts are insufficient to show that Mr. and Mrs. Caktiong's activities in California are substantial, or continuous and systematic, to justify the exercise of jurisdiction over them in all matters. Helicopteros, 466 U.S. at 414-416.

10

F.2d 1416, 1421 (9th Cir. 1987) (citation omitted).

"Specific jurisdiction" arises when a defendant's specific contacts with the forum give rise to the claim in question. Helicopteros, 466 U.S. at 414-16; Red Cross, 112 F.3d at 1050-51.  To ensure that the exercise of specific jurisdiction is consistent with due process, the Court must be satisfied that the following have been shown: (1) the nonresident defendant purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. Jillella v. Int'l Solutions Grp., Inc., 507 F. App'x 706, 708 (9th Cir. 2013); Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

The plaintiff bears the burden of satisfying the first two prongs of the test. Schwarzenegger, 374 F.3d at 802 (citing Sher v. Johnson, 911 F.2d 1347, 1361 (9th Cir. 1990)).  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. Id.

Under the second prong, the Ninth Circuit employs a "but for" test to determine whether a claim arises from forum-related activities. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).  Here, the question is whether, but for Mr. and Mrs. Caktiong's contacts with California, Plaintiff's claims would have arisen.

1 Plaintiff does not demonstrate the nexus between his
2 claims and Defendants' activities in the forum, as
3 Plaintiff makes no arguments to carry his burden on
4 this issue.  Plaintiff does not show that if Defendants
5 had not conducted the aforementioned activities in
6 California, Plaintiff would have no claim against them.
7 <u>See</u> <u>id.</u>  Accordingly, the "but for" test is not
8 satisfied with respect to Plaintiff's claims.
9     Because Plaintiff does not support that his claims
10 arise from Mr. and Mrs. Caktiong's forum-related
11 activities, the Court **GRANTS** Defendants' Motion to
12 Dismiss for lack of personal jurisdiction over the
13 Caktiong's.
14     2.   <u>Personal Jurisdiction Over JFC USA</u>
15          a.   *General Personal Jurisdiction*
16     "A court may assert general jurisdiction over
17 foreign (sister-state or foreign country) corporations
18 to hear any and all claims against them when their
19 affiliations with the State are so 'continuous and
20 systematic' as to render them essentially at home in
21 the forum state." <u>Daimler</u>, 134 S. Ct. at 754.  "The
22 standard is met only by 'continuous corporate
23 operations within a state [that are] thought so
24 substantial and of such a nature as to justify suit
25 against [the defendant] on causes of action arising
26 from dealings entirely distinct from those
27 activities.'" <u>Mavrix Photo, Inc. v. Brand</u>
28 <u>Technologies, Inc.</u>, 647 F.3d 1218, 1224 (9th Cir. 2011)

(quoting King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) (citation omitted)). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

In Daimler, the Supreme Court held that, in order to subject a foreign corporation to general jurisdiction, that corporation's affiliations with the forum must be "so 'continuous and systematic' as to render it essentially at home in the forum State." 134 S. Ct. at 761. The Court noted that the paradigm bases for general jurisdiction are a corporation's place of incorporation and principal place of business, however, "in an exceptional case, . . . a corporation's operations in a forum other than its place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Id. at 761 n. 19. The Court found that Daimler was not such an "exceptional case," even though the subsidiary had multiple forum-based facilities, was the largest supplier of luxury vehicles to the forum, and the subsidiary's sales in the forum accounted for 2.4% of the parent corporation's worldwide sales. See id. at 752, 761 n. 19.

1    Here, Plaintiff argues that Defendant JFC USA has
2 substantial, continuous, and systematic contacts with
3 California based on JFC USA's (1) maintenance of
4 offices in California; (2) registration with the
5 California Secretary of State to do business in
6 California; (3) employment of a Human Resources Manager
7 at its California offices; and (4) appointment of an
8 agent for service of process who is registered with the
9 California Secretary of State.  Pl.'s Opp'n 5:10-25.
10 Plaintiff argues that it does not rely on the minimum
11 contacts of a subsidiary of JFC USA, but rather JFC USA
12 itself.  Id. at 6:2-4.  Plaintiff's evidence consists
13 of the California Secretary of State's webpage stating
14 that "Jollibee Foods Corporation (USA)" has its
15 "Jurisdiction" in Nevada, but has an address and an
16 agent for service of process in City of Industry,
17 California.  Hoffman Decl., Ex. 1.
18    Defendants argue that JFC USA is a Nevada
19 corporation which "has not conducted any business in
20 California whatsoever and has not done anything else to
21 purposefully avail itself of the benefits and
22 protections of California."  Defs.' Mot. 4:20-22.
23 Defendants provide the Amante Declaration, which states
24 that JFC USA "is a subsidiary of [Philippines-based]
25 JFC, and is an active Nevada corporation with its
26 principal place of business located . . . [in] Reno,
27 Nevada."  Amante Decl. ¶ 3.
28    As an initial matter, the Court rejects Defendants'

assertion that Plaintiff relies on an affiliate of JFC USA's contacts with California to establish general jurisdiction over JFC USA. The business entity information provided by Plaintiff through the California Secretary of State website sufficiently shows that Plaintiff relies on JFC USA's contacts with California, not the contacts of an "affiliate."

Although JFC USA is not incorporated in California and does not have its principal place of business in California, <u>Daimler</u> does not foreclose the possibility that, under some circumstances, a forum may be "home" if it does not fall into one of the paradigmatic categories. <u>Daimler</u>, 134 S. Ct. at 760-61. However, the Supreme Court emphasized that merely engaging in a "substantial, continuous and systematic course of business" is not sufficient to establish general jurisdiction, and described as "exceptional" the case in which a defendant would be "at home" in a forum other than its place of incorporation or principal place of business. <u>Id.</u> at 761 n. 19. The Supreme Court also explained that in determining whether a defendant is at home, the court must consider the defendant's "activities in their entirety, nationwide and worldwide." <u>Id.</u> at 762 n. 20.

On balance, Plaintiff has failed to meet his burden of establishing a prima facie showing for general jurisdiction. Plaintiff has failed to demonstrate that Defendant has engaged in "continuous and systematic

general business contacts," that "approximate physical presence" in the forum state. See Mavrix, 647 F.3d at 1224. Plaintiff shows that JFC USA is registered to do business in California, designated an agent for service of process in California, and maintains an address in City of Industry, California; however, Plaintiff does not demonstrate any facts showing whether, or to what extent, JFC USA actually does business in California. Plaintiff provides no facts to support the extent of JFC USA's sales or operations in California.

In this case, JFC USA's contacts with California do not warrant a determination that, based on those ties, JFC USA can be haled to Court in California, even if the cause of action is unrelated to those contacts. Accordingly, this case is not an "exceptional" one in which JFC is "at home" in a forum other than its place of incorporation or principal place of business. Daimler, 134 S. Ct. at 761 n. 19.

      b.  *Specific Personal Jurisdiction*

In determining whether this Court has specific jurisdiction over JFC USA, the Court considers the following contacts: (1) JFC USA's maintenance of offices in California; (2) JFC USA's registration with the California Secretary of State to do business in California; (3) JFC USA's employment of a Human Resources Manager at its California offices; and (4) JFC USA's appointment of an agent for service of process who is registered with the California Secretary

16

of State.  As explained above, Plaintiff fails to show that his claims arise from any of Defendants' forum-related activities.  See Ballard, 65 F.3d at 1500 (explaining the "but for" test for determining whether the plaintiff's claim "arises out of" the defendant's forum-related activities).  Accordingly, the Court finds that Plaintiff has not established a prima facie showing of specific jurisdiction over JFC USA, and Defendants' Motion to Dismiss is **GRANTED**.

### III. CONCLUSION

Because Plaintiff failed to properly serve Defendants and failed to meet his burden to show that this Court has general or specific personal jurisdiction over either of the individual Caktiong Defendants or JFC USA, the Court **GRANTS** Defendants Motion to Dismiss.  The Court **DISMISSES** Plaintiff's claims.  The clerk shall close this case.

**IT IS SO ORDERED.**

DATED: February 23, 2016         /s/ RONALD S.W.LEW

                                           **HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge